UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE ALEX JARAMILLO,

v.  Case No. 8: 00-cr-266-T-17MSS
   8: 05-cv-971-T-17MSS

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court on Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1, cr-169).

On June 22, 2000, Defendant was arrested for trafficking in methamphetamine. Defendant was indicted by the Government on July 19, 2000. The indictment contained four criminal charges. Count one was for conspiracy to distribute methamphetamine in excess of 500 grams. Counts 2-4 charged the intentional distribution of methamphetamine on three separate occasions.

On September 18, 2001, Defendant's jury trial commenced. At the conclusion of the

jury trial, on September 19, 2001, the jury found Defendant guilty of conspiring to possess and distribute less than 50 grams of methamphetamine in violation on 21 U.S.C. §841(b)(1)(C).

On January 10, 2002, the Honorable Sylvia H. Rambo, who had been the trial court judge, sentenced Defendant to 188 months imprisonment. (Doc. cr-142). Judgment was entered January 22, 2002. (Doc. cr-144). Defendant filed a Notice of Appeal on January 25, 2002. (Doc. cr-145). On September 17, 2002, the Eleventh Circuit affirmed the conviction and sentence, but remanded for the district court to correct a clerical error in the judgment. The district court incorrectly stated that the Defendant <u>pled</u> guilty. (Doc. cr-165). On December 2, 2002, the amended judgment correcting the clerical error was entered. Defendant signed the present motion to vacate on May 18, 2005, raising two grounds for relief.

## DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. <u>See</u> 28 U.S.C. § 2255.

### <u>Motion To Vacate Is Time-Barred</u>

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government

impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. In the present case, the judgment became final 90 days after entry of the Eleventh Circuit's judgment affirming the conviction, or December 16, 2002. Therefore, Defendant had until December 17, 2003, to file a timely section 2255 motion. He did not do so, and his motion to vacate is time-barred.

Defendant has not demonstrated that any exceptional circumstances warrant equitable tolling.

## DEFENDANT'S CLAIMS

Even if the motion to vacate were not time-barred, Defendant Jaramillo would not prevail on any of the grounds he raises. In Ground One, Defendant alleges that his sentence was imposed in violation of Apprendi v. New Jersey. In Ground Two, Defendant contends that he is entitled to an evidentiary hearing to prove the facts supporting his claim. Grounds One and Two have no merit because Apprendi v. New Jersey, 530 U.S. 466 (2000) does not apply retroactively on collateral attack. See Varela v. United States, 400 F.3d 864 (11th Cir. 2005); McCoy v. United States, 266 F. 3d 1245 (11th Cir. 2001).

Accordingly, the Court orders:

That Jaramillo's motion to vacate, set aside, or correct an allegedly illegal sentence

pursuant to 28 U.S.C. § 2255. (Doc. cv-1, cr-169) is denied, with prejudice.  The Clerk is directed to enter judgment against Jaramillo in the civil case and to close that case.

     ORDERED in Tampa,  Florida on June 2, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Erik R. Matheney, Esq.
Pro so: Jose Alex Jaramillo